UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERI C.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:23-cv-06062-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Title II SSDI benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt.1, 6, Complaint.

## DISCUSSION

    Plaintiff's alleged onset date was December 18, 2017 and the date last insured was December 31, 2019. AR 17, 19. At step two of the five-step evaluation, the ALJ found that plaintiff had the following severe impairments through the date last insured: "lumbar degenerative disc disease (DDD) status/post fusion; bilateral knee degenerative joint disease (DJD); status/post gastrectomy; obesity; likely neurocognitive disorder; major depressive disorder (MDD); anxiety disorder; and posttraumatic stress disorder

1  (PTSD)." AR 19. The ALJ found that based on the ALJ's determination of residual

2  functional capacity (RFC), plaintiff would be unable to perform past work as a research

3  scientist, but at step five, the ALJ determined that plaintiff could perform jobs that

4  existed in significant numbers in the national economy.

5      Plaintiff has the burden of proof to show she met the criteria for disability during

6  this two-year period between the alleged date of onset and the date last insured.

7  *Wellington v. Berryhill,* 878 F.3d 867, 872 (9th Cir. 2017). Pursuant to 42 U.S.C. §

8  405(g), this Court may set aside the Commissioner's denial of Social Security benefits if

9  the ALJ's findings are based on legal error or not supported by substantial evidence in

10  the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal

11  citations omitted). Substantial evidence is "'such relevant evidence as a reasonable

12  mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct.

13  1148, 1154 (2019) (internal citations omitted).

14      The Court must consider the administrative record as a whole. *Garrison v.*

15  *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

16  evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

17  The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not

18  rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of

19  the Court's review. *Id.*

20      **A.  Plaintiff's statements related to symptoms and limitations.**

21      Plaintiff argues the ALJ did not have substantial evidence or a specific, clear, or

22  convincing reason to reject plaintiff's statements about symptoms and limitations. Dkt.

23  14, Plaintiff's Opening Brief, at 1. Defendant points out that plaintiff's testimony at the

24

25

hearing was limited because she was unable to recall details of what occurred during the period between the alleged onset date and the date last insured. AR 42-51.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony about the severity of symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

1.  <u>Statements regarding plaintiff's symptoms and limitations relating to back conditions.</u>

Plaintiff contends the ALJ erred by finding plaintiff's statements relating to back conditions inconsistent with medical evidence. Dkt. 14, Opening Brief, at 4.

Plaintiff did not testify during the hearing about her back condition, but she made general statements about back conditions in her functional report. AR 225-230 (Adult Functional Report dated 10-18-2020).

The ALJ found that plaintiff's statements did not establish symptoms and limitations that would meet the criteria for disability between the alleged date of onset (December 17, 2017) and the date last insured (December 31, 2018); and the ALJ cited evidence in the record. AR 24. Plaintiff argues the ALJ did not have substantial evidence to support the ALJ's conclusion that plaintiff's statements differed from medical evidence.

Substantial evidence supports the ALJ's decision. The record shows plaintiff had surgery on July 23, 2018 for a back condition in her lumbar spine. AR 500-543. Although medical evidence indicates that plaintiff's back and sciatic pain was a serious medical problem during the period leading to the surgery, and there was a recovery period after surgery, there is also medical evidence from physician, nursing, and physical therapy notes that does not support plaintiff's statements about severe symptoms or restrictive limitations before and after the operation was performed. *See, e.g.,* AR 370-371 (on 1-24-2018, plaintiff reported left side back pain and sciatica, MRI ordered during office medical visit), AR 394-396 (visit with Dr. Randles in November 2017, plaintiff has low back pain, but there is no mention of work-related limitations), AR 465-472 (physical therapy note 11-21-2018, states that plaintiff has pain at level 3 of 10

and discusses knee pain), AR 512-514 (notes of Dr. Oliveria on 7-23-2018, stating that plaintiff has ongoing symptoms of low back pain that affects running or exercising and limits "her ability to work to her full potential" because she needs to bend and twist as she works in a laboratory), AR 881-929 (physical therapy notes, indicating during recovery from surgery in 2018 that plaintiff was improving, had issues in November 2018 with her knee and not with her back, and plaintiff walked 35-45 minutes per day in late November 2018). The ALJ is the final arbiter when there are conflicts in medical evidence. *Smartt v. Kijakazi,* 32 F.4th 843, 851 (9th Cir. 2022).

Based on the conflicting medical evidence, the portion of the ALJ's decision concerning medical evidence of her back condition (AR 24, 26) being inconsistent with plaintiff's statements is a clear and convincing reason for the ALJ's decision to discount plaintiff's statements about back pain and work-related limitations. Therefore, the ALJ's decision on this point is affirmed.

    2. <u>Statements regarding plaintiff's symptoms and limitations caused by mental health conditions.</u>

Plaintiff argues the ALJ erred by rejecting plaintiff's statements about mental health symptoms and limitations, because the ALJ did not consider the record as a whole. Dkt. 14, Opening Brief, at 6. Plaintiff argues that her severe mental health symptoms were treated with electro-convulsive therapy (ECT) (citing AR 676) and this therapy caused cognitive problems including memory loss. Dkt. 14, at 6-13. Plaintiff asserts that the ALJ ignored the bulk of the evidence showing her underlying mental health symptoms, and the aftermath of ECT, affected plaintiff's work-related functioning and met the criteria for disability. *Id.* Plaintiff testified that she could not remember any

specifics about why she could not work during the relevant period; she indicated it was difficult to interact with other people and she had poor short term and long term memory. AR 47. In the Adult Function Report, and symptom report, plaintiff provided information about her mental health symptoms and limitations as of the date of the reports (October 18, 2020, and January 8, 2021). AR 226-234.

The record shows that plaintiff had been treated for depression, and ECT treatments were administered from December 8, 2017 through February 6, 2018. AR 590-686. When she was initially evaluated in November 2017 before the ECT treatments started, Dr. Peter Taylor noted that plaintiff had been self-harming for many years and had been placed in a psychiatric hospital twice because of suicide attempts. AR 686. Although plaintiff had been attending graduate school and working towards a Ph.D., symptoms of depression caused her to drop out of graduate school before ECT started in December 2017. AR 685-686 (notes of Dr. Taylor, 11-30-2017, initial psychiatry examination before ECT).

The record shows that in December 2017 and early 2018, after her third ECT treatment, plaintiff, and her physicians considered whether perhaps her memory had been affected. AR 610-661.

Yet between the alleged date of onset and the date last insured, the record shows plaintiff made progress with respect to mental health symptoms. The assessments mention that plaintiff was concerned about memory loss but the testing during the relevant period showed that she had "subtle" cognitive disfunction and had lower-than-average capacity for remembering. AR 836-844 (testing completed in July 2020), AR 848-850 (testing completed in August 2019), AR 1901-1908 (notes from Dr.

Parsons during February 2018 — May 2022, stating that plaintiff reports short term memory loss, plaintiff returned to work in the lab but was finding it difficult because of anxiety, and plaintiff experienced improvement in symptoms of depression), AR 1909 (Dr. Randles' letter, August 2022, describing test results and assessments that occurred in 2019). The ALJ's evaluation of medical evidence of issues with her memory and cognitive function was reflected in the ALJ's determination of plaintiff's RFC (quoted in relevant part): "claimant had the residual functional capacity to perform light work . . . with the following additional limitations: . . . She could understand and remember simple instructions; had sufficient concentration, persistence, and pace to complete simple tasks; could tolerate occasional contact with coworkers and the general public; and should not have been required to work as part of a team or in a direct customer service capacity." AR 22.

The ALJ's analysis is a clear and convincing reason (AR 25-27) for discounting plaintiff's statements about mental health symptoms and limitations: plaintiff's statements about her mental health symptoms and limitations conflicted with the medical records. The Court therefore affirms the ALJ's decision because substantial evidence supports the ALJ's reasoning, and there was substantial evidence for the ALJ's finding that some diminishment of cognitive and memory capacity was presented during the relevant period, but that plaintiff nevertheless could handle mental demands of light work with the limitations described in the RFC.

CONCLUSION

For these reasons, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 19th day of November, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge